UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLENE MALOTT MCCASLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:21-cv-00004 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Defendant, Target Corporation ("Target"), by counsel, respectfully removes the State Court case filed under Cause No.: 71D05-2006-CT-000218 to the United States District Court, Northern District of Indiana, South Bend Division, and in support hereof states:

1. On or about June 26, 2020, Marlene Malott McCaslin, ("Plaintiff") a former citizen of the State of Indiana, filed a Summons and Complaint against Target in St. Joseph Superior Court #5, under Cause No.: 71D05-2006-CT-000218. (Copies of the State Court filings are attached hereto as Exhibit "A").

2. The Summons and Complaint were served on Target via certified mail and service was perfected on or about June 29, 2020. On or about July 22, 2020, undersigned counsel entered his Appearance on behalf of Target.

3. The parties are of diverse citizenship:

    a. Plaintiff was formerly domiciled in the State of Indiana.

      b.   Target is a corporation incorporated pursuant to the laws of the State of Minnesota with a principal place of business located in Minneapolis, Minnesota.

      c.   There are no other named parties.

4.     This is a personal injury action. According to the Complaint, on or about June 30, 2018, Plaintiff alleges that, as a result of Target's negligence, while she was pushing a shopping cart she stepped on a clear liquid and slipped and fell, which caused her to sustain bodily injuries. (Complaint, para. 2 and 3).

5.     Plaintiff seeks damages including, but not limited to, various injuries and medical expenses. (Complaint, para. 4).

6.     The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7.     A removing Defendant need only show by a preponderance of the evidence facts that suggest the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332 has been satisfied. Carroll v. Stryker Corp., 658 F.3d 675, 680 (7th Cir. 2011). Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. Id. The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District Courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists. Id. at 680-81.

8.     The amount in controversy has been met in this situation as Plaintiff has alleged various damages, resulting from a slip and fall in the Defendant's store. Plaintiff contends that she suffered physical injuries and medical expenses. (Complaint, para. 4). Under any reasonable

estimation of how a jury could value the elements of damages as alleged in Plaintiff's Complaint, the amount in controversy requirement has been satisfied.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

10. Target filed an Answer to Plaintiff's Complaint in the St. Joseph Superior Court #5 on August 18, 2020.

11. This Notice of Removal is being filed in the United States District Court for the Northern District of Indiana, South Bend Division, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. A copy of the Notice of Removal will be filed with the Clerk of the St. Joseph Superior Court #5 of the State of Indiana.

13. This Notice of Removal is being filed within thirty (30) days after Target learned that the amount in controversy exceeds $75,000.00.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Target Corporation, by counsel, respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.


/s/ Jeffrey S. Zipes
Jeffrey S. Zipes      # 15303-29
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that **on January 4, 2021**, a copy of the foregoing **Notice of Removal** was filed electronically. Notice of this filing will be sent to the following person by e-mail transmission.

> Mr. Daniel H. Pfeifer
> PFEIFER MORGAN & STESIAK
> 53600 N. Ironwood Dr.
> South Bend, IN  46635

> /s/ Jeffrey S. Zipes
> Jeffrey S. Zipes

Jeffrey S. Zipes  # 15303-29
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385 fax
Email: jzipes@chwlaw.com